**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JULIUS EVANS, #93874,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01066-JPG** |
| | ) | |
| **KRISTOPHER THARP and MADISON COUNTY JAIL SHERIFF OFFICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Julius Evans, a pretrial detainee at St. Clair County Jail ("Jail"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that he has been subjected to living conditions that violate constitutional standards during his pretrial detention at the Jail. (*Id*. at 6). According to the Complaint, Plaintiff has been denied access to the gym, windows, and sunlight since 2018. As a result, he has fallen out of shape and become pale. When he filed grievances to complain about these deprivations, Captain Kristopher Tharp denied them. (*Id*.). Plaintiff seeks monetary relief against the defendants. (*Id*. at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the allegations are construed liberally in favor of the plaintiff.

## Discussion

Based on the allegations summarized above, the Court designates the following count in the *pro se* complaint:

> **Count 1:** Fourteenth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement during his pretrial detention at the Jail (from 2018 – present) by denying him recreation in a gym, windows in his cell, and sunlight.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

A pretrial detainee's claims for unconstitutional conditions of confinement are governed by the Fourteenth Amendment Due Process Clause. *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). Under this standard, a pretrial detainee must make an objective showing that the complained of conditions were sufficiently serious and demonstrate that the defendants acted in an objectively unreasonable manner when exposing the detainee to said conditions. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018).

The Seventh Circuit has recognized that a lack of exercise can rise to the level of a Fourteenth Amendment deprivation "[w]here movement is denied and muscles are allowed to atrophy [ ] [and] the health of the individual is threatened." *Smith v. Dart*, 803 F.3d at 313 (citing *French v. Owens*, 777 F.2d 1250 (7th Cir. 1985) ("Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened.")). At the same time, the Seventh Circuit has pointed out that there is a significant difference between a lack of exercise opportunities and a lack of gym access. *Id*. Even when denied access to a gymnasium, many detainees exercise in their cells, cell blocks, common areas, or outside. They find opportunities to stay in shape despite their lack of access to an actual gymnasium or exercise equipment.

The allegations fall short of describing an outright denial of exercise opportunities leading to muscle atrophy.  Plaintiff does not allege that he lacked space to exercise inside the jail.  He also does not allege that he was denied all opportunities to go outside to exercise.  If that is the case, Plaintiff may reassert this claim in an amended complaint.  He should adequately describe the deprivation, including its scope and duration and the physical and mental impact on him.

Plaintiff's allegations describing windowless cells and a lack of sunlight also require further factual development.  It is unclear whether Plaintiff was denied all fresh air and sunlight during his pretrial detention or offered periodic access to windows, fresh air, and sunlight.  In addition, it is unclear what physical or psychological impact this deprivation had on him.  Plaintiff mentions pale skin and nothing else.  He does not allude to a diagnosed Vitamin D deficiency or another physical or mental health impairment caused by a lack of sunlight.  Plaintiff may re-plead this claim if he wishes to proceed with it, but he should describe the scope and duration of this deprivation, as well as the physical and psychological impact it had on him.

For now, Count 1 shall be dismissed without prejudice against both defendants because the allegations fall short of stating any claim for relief.  Plaintiff will have an opportunity to re-plead his claims in an amended complaint.  If he decides to file an amended complaint, Plaintiff must comply with the instructions and deadlines in the below disposition.

## Disposition

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for relief against the defendants.  Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **December 15, 2021**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order

and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 21-cv-01066-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/15/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**