IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIUS EVANS, #Y48362,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-01066-JPG |
| | ) |
| **KRISTOPHER THARP and** | ) |
| **MADISON COUNTY JAIL SHERIFF** | ) |
| **OFFICE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Julius Evans on January 3, 2022. (Doc. 15). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to complain about the conditions of his confinement at Madison County Jail. (*Id*. at 6-7). He seeks money damages against Captain Kristopher Tharp and Madison County Jail Sheriff Office. (*Id*.).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the allegations are construed liberally in favor of the plaintiff.

### First Amended Complaint

In the First Amended Complaint, Plaintiff includes a litany of complaints about the conditions of his confinement at Madison County Jail between February 14, 2018 and

1

October 29, 2021. (Doc. 15, p. 6). These conditions include, but are not limited to, the following poor living conditions: denial of opportunities to exercise, cells and cellblocks without windows, inadequate exposure to outside air and sunlight, inadequate beds and bedding, poor ventilation, and overcrowding. (*Id*.). These conditions caused Plaintiff to develop back and hip pain, breathing difficulties, weight gain, and general malaise. (*Id*.). Plaintiff wrote grievances to complain about the conditions and gave them to the captain. (*Id*. at 4). However, he received no response. (*Id*.).

## Discussion

Based on the allegations summarized above, the Court designates the following count in the *pro se* First Amended Complaint:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement during his detention at the Jail from 2018 to 2021.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

Plaintiff's claim of unconstitutional conditions of confinement is governed by the Fourteenth Amendment Due Process Clause, if he was a pretrial detainee during the relevant time period. *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). Under this standard, a pretrial detainee must make an objective showing that the complained of conditions were sufficiently serious, and he must also demonstrate that the defendants acted in an objectively unreasonable manner when subjecting the detainee to the conditions. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018).

The same claim is governed by the Eighth Amendment prohibition against cruel and unusual punishment, if Plaintiff was a convicted person during the relevant time period. A two-part inquiry is used to evaluate such claims. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To satisfy the objective component, the Court must determine whether the condition is sufficiently

serious. *Id*. To satisfy the subjective component, the Court must determine whether each defendant responded to the serious risk of harm posed to the plaintiff's health or safety with deliberate indifference. *Id*.

The conditions described by Plaintiff include exposure "at all times" to the above-referenced conditions over the course of three years. Construed liberally in favor of the *pro se* plaintiff, the conditions are sufficiently serious, standing alone or in combination, to support a claim under the Fourteenth and Eighth Amendments. Moreover, Captain Tharp's denial of Plaintiff's complaints regarding these conditions could rise to the level of objective unreasonableness, in violation of the Fourteenth Amendment, or deliberate indifference, in violation of the Eighth Amendment. Accordingly, Count 1 shall receive further review against Captain Tharp. Plaintiff's legal status shall be determined as the case proceeds.

Madison County Jail Sheriff Office shall be dismissed from this action because this defendant is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Jail is not even a legal entity. *See* FED. R. CIV. P. 17(b) (defendant must have legal capacity to be sued). Federal courts look to state law when determining whether an entity has this capacity. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). Under Illinois law, the county jail is not considered a suable entity. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, this defendant shall be dismissed with prejudice.

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 15) survives screening, as follows: **COUNT 1** will proceed against **KRISTOPHER THARP** in his individual capacity. Defendant Tharp is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant Tharp need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against **MADISON COUNTY JAIL SHERIFF OFFICE** because the allegations state no claim for relief against this defendant. **The Clerk's Office is DIRECTED to TERMINATE Defendant MADISON COUNTY JAIL SHERIFF OFFICE as a party in CM/ECF**.

**Because this suit addresses one or more medical claims, the Clerk's Office is DIRECTED to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

The Clerk of Court shall prepare for Defendant **KRISTOPHER THARP** (individual capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Docs. 15), and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/6/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your First Amended Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed an answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.