UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIUS EVANS,

        Plaintiff,

  v.

KRISTOPHER THARP,

        Defendant.

Case No. 21-cv-1066-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Julius Evans's motion for recruitment of counsel (Doc. 31) and motion for status (Doc. 32).

Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept assignments, provided an assignment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or

jury himself." *Id.* at 655.  In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

Evans has made reasonable attempts to obtain counsel.  However, this case is a run-of-the-mill conditions of confinement case that does not involve complex legal or factual issues.  Furthermore, based on the quality of the plaintiff's prior filings and the relatively simple nature of this case, it appears to the Court that he is competent to litigate his claim himself, at least at this stage of the proceedings.  He has some high school education, and he has filed comprehensible pleadings and motion ably expressing his message.  While he states that he does not understand all the things that are needed to complete his lawsuit, the Court is confident that Evans can learn them.  The Court will send him a copy of the *Pro Se* Litigant Guide to assist him in this endeavor.

For these reasons, the Court **DENIES** Evans's motion for recruitment of counsel **without prejudice** (Doc. 31), **DENIES as moot** in light of this order Evans's motion for status (Doc. 32), and **DIRECTS** the Clerk's Office to send Evans a copy of the *Pro Se* Litigant Guide.

**IT IS SO ORDERED.**
**DATED:  April 13, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
