UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIUS EVANS,

        Plaintiff,

    v.                                           Case No. 21-cv-1066-JPG

KRISTOPHER THARP,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Kristopher Tharp's motion for summary judgment (Doc. 38). Plaintiff Julius Evans did not respond to the motion by the deadline established by Local Rule 7.1(b)(1)(A) or by the extension of that deadline (Doc. 41). Further, he did not respond to the Court's June 20, 2024, Order to Show Cause why it should not grant Tharp's motion in light of Evans's failure to respond to it (Doc. 43). The Court therefore construes Evans's failure to respond to the motion for summary judgment as waiver of any objection to the well-supported facts asserted in the motion, as it warned it would do in the Order to Show Cause.

**I.   Background**

In this case, Evans complains of the allegedly unconstitutional conditions of confinement at the Madison County Jail ("Jail") while he was detained there from 2018 to 2021. Tharp was a captain at the Jail. The alleged conditions included the denial of opportunities to exercise, cells and cellblocks without windows, inadequate exposure to outside air and sunlight, inadequate beds and bedding, poor ventilation, and overcrowding. These conditions caused Plaintiff to develop back and hip pain, breathing difficulties, weight gain, and general malaise. In his deposition, Evans indicated he had no complaints other than not getting sunlight, exercise, or proper sleeping accommodations.

**II.  Analysis**

The Court turns to the motion. Summary judgment must be granted "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

Taking Tharp's factual assertions as true, the Court finds the following facts. During his confinement, Evans was required to sleep on the floor on a mat or a portable bunk, which the Jail implemented because it became overcrowded. Evans was able to exercise in his cell and in the dayroom even though he was not often allowed to go outside; the limitation on exercise did not adversely impact his health. When making decisions about the inmates' conditions of confinement, Tharp considered the risks Evans or any other detainee faced, including the foregoing circumstances and the correctional challenges they posed.

Tharp argues that the conditions Evans faced were not objectively serious; that Tharp's decisions regarding conditions of confinement were not objectively unreasonable; that he did not knowingly, purposefully, or recklessly ignore risks to Evans; and that Tharpe is entitled to qualified immunity.

The Court jumps straight to the qualified immunity argument because it is dispositive of this case. Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). The qualified immunity test has two prongs: (1) whether the officer violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018); *Pearson*, 555 U.S. at 232; *Wilson v. Layne*, 526 U.S. 603, 609 (1999). The Supreme Court encourages, but does not require, examining the second prong before diving into the merits of the plaintiff's claim where it is not necessary. *Wesby*, 583 U.S. at 62

n.7 (quoting *Camreta v. Greene*, 563 U.S. 692, 707 (2011)); *accord McGee v. Parsano*, 55 F.4th563, 572 (7th Cir. 2022).  The Court does so here.

Under the second prong, the law at the time of the conduct "must have placed the constitutionality of the officer's conduct beyond debate" such that "every reasonable official would understand that what he is doing is unlawful." *Wesby*, 583 U.S. at 63 (internal quotations omitted).  It must have been "settled law," that is, it must have been "dictated by controlling authority or a robust consensus of cases of persuasive authority" that the conduct was unconstitutional.  *Id.* (internal quotations omitted).  Generally, this requires a high degree of specificity in the precedent so that every reasonable officer would have been alerted to the law in the particular circumstances.  *Id.*  And it is incumbent on the plaintiff to show the clear establishment of the law in the particular circumstances.  *Denius*, 209 F.3d at 950.

Evans has not pointed to any caselaw clearly holding that the conditions he faced at the Jail, or substantially similar conditions, were unconstitutional under the Eighth or Fourteenth Amendment.  He has not shown the law was such that every reasonable official in Tharp's position would have understood that what he was doing, that is, how he was managing the prison conditions, was unlawful. *See Wesby*, 583 U.S. at 63.  Accordingly, Tharp is entitled to qualified immunity and, as a consequence, summary judgment.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Tharp's motion for summary judgment (Doc. 38) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  August 6, 2024**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**